Coös,
June, 1894.

## PARCHER *v.* HOLMES.

When it is agreed that the weight of cattle sold shall be determined in the presence of the vendor, it is incumbent upon the vendee, if he fails to comply with the contract, to show their weight at the time he took them in possession.

ASSUMPSIT, for the price of a harness. Pleas: (1) the general issue; (2) payment; (3) that the harness was exchanged for cattle which the parties agreed should be weighed on delivery to

the plaintiff, but that the plaintiff, in violation of his agreement, took and drove away the cattle without the defendant's consent, and had them weighed without notice to the defendant. Trial before a referee, who assessed the damages at $16.02, in case the defendant was liable. The court ordered judgment for the plaintiff on the report, and the defendant excepted.

*Perrin T. Kellogg,* for the plaintiff.

*Crawford D. Hening* and *Henry Heywood,* for the defendant.

SMITH, J. The defendant purchased of the plaintiff a wagon and harness, the price of the former to be $100 and that of the latter $15. The plaintiff agreed to take in payment the defendant's steers at four cents per pound, live weight. If the steers when weighed should not come to the price of the carriage and harness, the defendant agreed to pay the balance in cash. The steers were to remain in the defendant's pasture, at no expense to the plaintiff, until he should send for them, when the defendant was to drive them to Whitefield, and deliver them to the plaintiff to be weighed in the defendant's presence. The plaintiff, without notifying the defendant, caused the steers to be driven to Whitefield. At this time they were not weighed. They were sold by the plaintiff some time afterward, and then weighed 2,500 pounds. At this time the defendant was not present, and was not notified.

The carriage and harness were delivered to the defendant, and became his property, at the time of the contract. That the steers became the property of the plaintiff at the same time, or when he took them in possession, is not questioned. The defendant seeks to have their value applied in this suit in payment for the carriage and harness; and his claim is that their weight at the time they were taken from his pasture was sufficient, at four cents per pound, live weight, to satisfy the price of the carriage and harness.

The fact that the steers were driven to Whitefield by the plaintiff is immaterial. He thereby waived his right to insist on the performance of that stipulation in the contract by the defendant, who was thereby relieved of that burden. It is not found that they were improperly driven, and an inspection of the stenographer's minutes, submitted by the defendant, shows that no evidence was introduced at the trial as to the manner in which they were driven.

The stipulation that the steers should be weighed in the defendant's presence was made in order that he might see it was fairly done. As the plaintiff by taking them into his possession in the absence of the defendant thereby deprived him of that

opportunity, the burden was on the plaintiff to show their weight at the time he took possession of them. That question seems to have been fully tried, and the referee has found that the weight of the steers did not exceed 2,500 pounds. His finding is conclusive. There is no question pending here that the finding was not justified by the evidence; but, inasmuch as it has been questioned in argument, an examination has been made of the report of the evidence furnished by the defendant, and the finding of the referee is found to be supported by the evidence.

Whether the defendant by his neglect to seasonably request that the steers be weighed in his presence at Whitefield did not waive his right to have it done, is a question that does not appear to have been raised at the trial.

The defendant having been in no way damnified by the fact that the cattle were driven to Whitefield and weighed when he was not present, the plaintiff is entitled to judgment on the report.

*Exceptions overruled.*

Chase, J., did not sit: the others concurred.